IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL STANLEY MORRIS,**

    Petitioner,

    vs.                                    Civil Action 2:16-cv-611
                                              Criminal No. 2:03-cr-002
                                              Judge Graham
                                              Magistrate Judge King

**UNITED STATES OF AMERICA,**

    Respondent.

### OPINION AND ORDER

    Petitioner, a federal prisoner, has filed a second motion to vacate sentence under 28 U.S.C. § 2255, *Second or Successive Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255*, ECF No. 128 ("*Successive Motion to Vacate*"), and a motion to stay proceedings on that motion pending ruling by the Sixth Circuit on his request to pursue a successive motion to vacate, *Motion to Hold in Abeyance*, ECF No. 129. For the reasons that follow, this action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition. Petitioner's *Motion to Hold in Abeyance* is **DENIED**.

    Petitioner was convicted by a jury on charges of interfering with interstate commerce by means of robbery in violation of 18 U.S.C. §§ 1951, 2, and using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c), 2. In April 2004, petitioner was sentenced to 288 months in prison. *Judgment*, ECF No. 94. The United States Court of

1

Appeals for the Sixth Circuit affirmed the conviction but vacated the sentence and remanded the matter for re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005). *United States of America v. Morris*, Case No. 04-3519 (6th Cir. Dec. 11, 2006). On remand, petitioner was re-sentenced to 276 months in prison. *Judgment*, ECF No. 111. In November 2007, petitioner filed a motion to vacate under 28 U.S.C. § 2255, *Motion to Vacate*, ECF No. 113, which this Court denied in October 2009. *Opinion and Order*, ECF No. 122. This Court also denied petitioner's request for a certificate of appealability, *Opinion and Order,* ECF No. 125, as did the Sixth Circuit, *Morris v. United States of America*, Case No. 09-4422 (6th Cir. Sept. 23, 2010).

Proceeding with the assistance of counsel, petitioner filed the *Successive Motion to Vacate* on June 24, 2016. He alleges that, in light of *Johnson v. United States*, - U.S. -, 135 S.Ct. 2551 (2015)(declaring that the "residual clause" of 18 U.S.C. § 924(c)(2)(B)(ii) is unconstitutionally vague), and *Mathis v. United States*, - U.S. -, 2016 WL 3434400 (June 23, 2016)(clarifying predicate violent felony offenses for purposes of application of the Armed Career Criminal Act), his sentence on the firearm conviction under 18 U.S.C. §§ 924(c), 2 is void because his Hobbs Act conviction no longer qualifies as a crime of violence.  *See generally Successive Motion to Vacate.*

As this recitation of the history of these proceedings makes clear, and as petitioner concedes, *see Motion to Hold in Abeyance,* the *Successive Motion to Vacate* is a successive motion under 28 U.S.C. § 2255.

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(b). When a district court determines that a motion to vacate constitutes a successive motion, that court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing. *In re Smith*, 690 F.3d 809 (6th Cir. 2012). Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

In light of petitioner's previous motion to vacate, the *Successive Motion to Vacate* constitutes a successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(b). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it.

Worried that the government may argue that the delay associated with authorization by the Court of Appeals has rendered the matter time barred, *see* 28 U.S.C. § 2255(f), petitioner also moves this Court to hold this action in abeyance pending a ruling by the Sixth Circuit on his application for authorization to file a successive motion. However, this Court lacks jurisdiction to address matters under § 2255 absent authorization by the Court of Appeals. Further, the statute of limitations is tolled during the time that petitioner pursues authorization for the filing of a successive motion to vacate. *See In re Hanserd,* 123 F.3d 922, 934 (6th Cir. 1997).

**WHEREUPON**, petitioner's *Successive Motion to Vacate*, ECF No. 128, is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive. Petitioner's *Motion to Hold in Abeyance*, ECF No. 129, is **DENIED.**

Date: July 14, 2016                        _____s/James L. Graham_____
                                                     James L. Graham
                                                     United States District Judge